UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andrew M. Disame,

Plaintiff,

-against-

Bharat K. Kantaria,

Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __11/08/2023__
```

23 Civ. 9735 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiff, Andrew M. Disame, brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. *See* Compl. at 1, ECF No. 1.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) requires a demonstration that the action is between citizens of different states. Plaintiff filed a substantially similar complaint in the Eastern District of New York, which was dismissed for lack of subject matter jurisdiction because the Court found that Plaintiff and Defendant were likely both citizens of New York. *See* Order at 3, *Disame v. Kantharia*, No. 23 Civ. 7102 (E.D.N.Y. Oct. 18, 2023), ECF No. 4. Plaintiff's complaint does not state either his own or Defendant Kantaria's state of citizenship. *See* Compl. at 1. Plaintiff alleges that Defendant is of "uncertain citizenship." *Id.* If Plaintiff means only that he does not know where Kantharia resides, he has failed to allege sufficient facts to show that the Court has subject matter jurisdiction of this action. "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) (citing *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806)).

Diversity jurisdiction also requires a demonstration of a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *Brown v. Richer-Guinard*, No. 19 Civ. 5914, 2020 WL 2833867, at *1 (S.D.N.Y. June 1, 2020); *see* 28 U.S.C. § 1332. Plaintiff seeks $5,000,000. Compl. at 11. Plaintiff states that Defendant charged him $500 on multiple occasions. *Id.* at 10. But, Plaintiff offers no factual support for the sum of $5,000,000. The Court is not required to presume that the bare allegations in the complaint are a good faith representation of the amount in controversy "unless it is supported by facts rendering it plausible." *Weir v. Cenlar FSB*, No. 16 Civ. 8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018).

Accordingly, the Complaint has failed to contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1).

Therefore, by **December 8, 2023**, Plaintiff shall amend his pleading to allege the citizenship of all of the parties and offer sufficient factual support for the amount in controversy. If Plaintiff fails to amend by the foregoing date to allege complete diversity and offer sufficient factual support for the amount in controversy, the complaint will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: November 8, 2023
      New York, New York

_____

ANALISA TORRES
United States District Judge