UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andrew M. Disame,

                Plaintiff,

-against-

Bharat K. Kantharia,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/12/2023__

23 Civ. 9735 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Andrew M. Disame, brings this medical malpractice action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332.  *See* Compl. at 1, ECF No. 1.  On November 8, 2023, the Court ordered Plaintiff to amend his complaint to allege the citizenship of all parties and offer sufficient factual support for the amount in controversy.  ECF No. 3.

      The Court has reviewed Plaintiff's letter dated December 1, 2023.  ECF No. 4.  Plaintiff has again not alleged Defendant's citizenship or his own.  *See generally id.*  Plaintiff states that these are "unnecessary technicalities" of the legal profession.  *Id.* at 2.  Not so.  Federal courts are courts of limited jurisdiction and have no power to hear cases over which they lack jurisdiction.  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  Courts "have an independent obligation to establish the existence of subject-matter jurisdiction." *Santos-Buch v. Fin. Indus. Reg. Auth. Inc.*, 32 F. Supp. 3d 475, 481 (S.D.N.Y. 2014) (quotation marks and citation omitted).

      Plaintiff has failed to satisfy his burden of demonstrating subject matter jurisdiction.  *Id.* at 480–81.  Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) requires the action to be between citizens of different states.  "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  In addition to his insufficient pleading, Plaintiff admits that he filed an identical complaint in the Eastern District of New York, ECF No. 4 at 3, which was dismissed for lack of subject matter jurisdiction because the Court found that Plaintiff and Defendant were likely both citizens of New York.  *See Disame v. Kantharia*, No. 23 Civ. 7102, 2023 WL 6879614, at *2 (E.D.N.Y. Oct. 18, 2023).

      Plaintiff has now had multiple opportunities to amend his complaint to properly invoke this Court's jurisdiction, and has failed to do so.  Accordingly, his complaint is DISMISSED for lack of subject matter jurisdiction.

      SO ORDERED.

Dated: December 12, 2023
       New York, New York

                                      ANALISA TORRES
                                    United States District Judge